UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WISE FOODS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Civil Action File No. |
| UFCW HEALTH AND WELFARE FUND OF NORTHEASTERN PENNSYLVANIA, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff Wise Foods, Inc. ("Wise") files this Complaint against Defendant UFCW Health and Welfare Fund of Northeastern Pennsylvania (the "Fund") to vacate the decision of Arbitrator William J. Einhorn, and states as follows:[1]

### Parties

1. Wise is a producer of snack foods and operates a facility of approximately 600 employees in Berwick, Pennsylvania.

2. The Fund is a multi-employer trust fund governed by the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1002(37). It was established pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

---

[1] The parties agreed to bifurcate the liability and damages portions of the arbitration proceeding. Arbitrator Einhorn issued his Opinion and Award with respect to the liability portion of the proceedings on June 21, 2021, and retained jurisdiction should the parties be unable to reach agreement on the amount of damages. No agreement has been reached or award issued with regard to damages, but Wise submits the current Complaint out of an abundance of caution, as it is not clear whether the statutory 30-day period under state law for seeking to vacate an arbitration award began to run on June 21, or would not begin to run until after there is a ruling on damages. *See* 42 Pa. C.S.A. § 7314(b).

1

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in virtue of ERISA, 29 U.S.C. § 1101 *et seq.*, and the LMRA, 29 U.S.C. § 185 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c) as the Fund resides in this district and is subject to the court's personal jurisdiction in this district.

**Factual Background**

5. Wise was a party to a collective bargaining agreement dated December 3, 2018 (the "CBA"). A true and correct copy of the CBA is attached as **Exhibit 1**.

6. The CBA provided for Wise to make contributions to the Fund, and stated that Wise "may not be charged a premium for any plan benefit not elected by an employee through the Fund or any of its plans." (Ex. 1, Article 16.)

7. After this CBA language was negotiated, the Fund amended its health benefit plan. These amendments did not take effect until June 2019.

8. Under the amended health benefit plan (the "Plan") operated by the Fund, Wise employees are given options from which they can elect different benefits. To the extent a Wise employee who is a participant in the Plan elects a benefit option other than full benefits, Wise makes contributions to the Fund only for the benefits actually elected.

9. The Fund is governed by the Amended and Restated Agreement and Declaration of Trust, a true and correct copy of which is attached as **Exhibit 2**. The Agreement and Declaration of Trust states as follows with respect to employer contributions:

> The Contributions of the Employers together with the report of such Contributions shall be made in the amounts set forth in the Collective Bargaining Agreements and any amendments thereto, which may be presently in existence, or which may be hereafter made by and between the Union and the Employers.

(Ex. 2, Article VIII, § 1 at 29).

10. Wise has paid all contributions to the Fund for Plan benefits elected by employees. Because the CBA contains language that absolves Wise from any obligation to make contributions to the Fund for Plan benefits which are not elected by Wise employees, Wise has complied with the CBA. Because the Agreement and Declaration of Trust require only that an employee make contributions required by the CBA, Wise has complied with the Agreement and Declaration of Trust.

11. The Fund demanded additional contributions from Wise for Plan benefits not elected by Wise employees and issued a "Notice to Arbitrate" on March 1, 2021. The Notice to Arbitrate included a Delinquency Statement indicating that Wise owed contributions from January 1, 2019 through December 31, 2020, plus interest, liquidated damages, attorneys' fees, accountants' fees, and costs of collection, in the amount of no less than $710,214.24.

12. On March 16, 2021, Wise filed a Complaint in the United States District Court for the Eastern District of Pennsylvania, civil action number 2:21-cv-01261-MSG, seeking declaratory judgment and a stay of the arbitration. Shortly thereafter, Wise filed a Motion to Stay Arbitration and requested an expedited briefing schedule and ruling on that motion.

13. On April 5, 2021, the Court denied Wise's Motion to Stay Arbitration and, pursuant to the Fund's unilaterally issued notice, the arbitration hearing was held on April 9, 2021, before Arbitrator William J. Einhorn (the "Arbitrator").

14. Aside from arguing that the contributions the Fund seeks are contrary to the CBA, Wise presented facts and argument that the Plan documents did not provide for the benefits for which Wise was being asked to pay, and to the extent the Fund claimed the benefits claimed the benefits were part of the Plan, the Fund did not maintain the plan documents required of it by

ERISA and the LMRA describing the benefits for which it seeks payment by Wise. Without such documentation, there is no basis for the Fund to claim the entitlement to contributions from Wise under ERISA, and such claims would be unlawful under the LMRA. A copy of Wise's post-hearing brief is attached as **Exhibit 3** and incorporated herein by reference. (*See* Ex. 3, pp. 33-37).

15. Additionally, Wise presented facts and argument that the Fund was claiming entitlement to contributions from Wise covering benefits that are not only not provided by the terms of the Plan's written documents but are also outside the explicit purposes of the trust, as stated in the Fund's Restated Trust Agreement and Declaration of Trust, and therefore cannot be provided by the Fund. (*See* Ex. 3, pp. 37-38).

16. Wise also presented argument at the arbitration hearing and in its post-hearing brief that even if it should be found to owe the Fund contributions, such contributions must be limited to those *medical-related benefits* accruing after the Fund claimed it redesigned the Plan, effective in June 2019. (*See* Ex. 3, pp. 39-40).

17. On June 21, 2021, the Arbitrator issued his Opinion and Award (the "Award"). A copy of the Award is attached as **Exhibit 4**.

18. In the Award the Arbitrator found Wise liable to the Fund for all contributions sought from Wise by the Fund, plus interest and attorney's fees and costs.

## COUNT I
### The Arbitrator's Award Violates Section 301 of the LMRA
### For Failure to Draw Its Essence from the CBA

19. Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

20. The Arbitrator's Award must draw its essence from the CBA.

21. The Arbitrator's finding that Wise is liable to the Fund for premium payments covering employees not electing full benefits under the Plan does not draw its essence from the CBA.

22. The CBA provides that Wise cannot be charged a premium for any benefits not properly provided by the Plan and properly elected.

23. The Arbitrator ordered Wise to pay for benefits not properly provided and not properly elected.

24. The Arbitrator's Award must therefore be vacated as it does not draw its essence from the CBA.

## COUNT II
### The Arbitrator's Award Violates Public Policy and Section 1102 of ERISA

25. Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

26. The Arbitrator's decision cannot be contrary to a well-defined and dominant public policy.

27. ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1).

28. The requirement imposed by ERISA that employee benefit plans be maintained in a written instrument is a well-defined and dominant public policy.

29. During the time for which the Fund seeks contributions from Wise, the Fund's written document did not provide for the benefits for which it seeks to charge Wise and the Fund did not maintain a written instrument as required by ERISA describing the benefits for which it seeks contributions.

30. The Arbitrator's Award must be vacated because the Arbitrator had no basis on which to award the Fund's requested contributions under ERISA when the benefits covered by those contributions were not documented as required by ERISA, and such an Award is therefore contrary to explicit, well-defined and dominant public policy.

31. Additionally, the Award must be vacated as it is in manifest disregard of the law.

### COUNT III
### The Arbitrator's Award Violations Public Policy and Section 302 of LMRA

32. Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

33. The prohibition on payments from employers to labor unions in LMRA Section 302 is a well-defined and dominant public policy.

34. Section 302 of the LMRA prohibits payments from employers to employee benefit trusts unless "the detailed basis on which such payments are to be made is specified in a written agreement with the employer."

35. The Fund does not have an agreement with Wise specifying the detailed basis on which the contributions it seeks are to be paid.

36. The Arbitrator's Award must therefore be vacated as contrary to explicit, well-defined and dominant public policy.

37. Additionally, the Award must be vacated as it is in manifest disregard of the law.

### COUNT IV
### The Arbitrator's Award Violates Public Policy and Section 1104 of ERISA

38. Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

39. ERISA's requirement that plan fiduciaries must act "in accordance with the documents and instruments governing the plan….," 29 U.S.C. § 1104(a)(1)(D) is a well-defined and dominant public policy.

40. The Fund's governing Agreement and Declaration of Trust states that the "purpose of this Trust is to apply the assets of the Plan to provide hospital, medical, surgical, and other health care benefits, death, disability, sickness or accident benefits for Employees and their dependents."  The Fund's plan document does not provide for the benefits for which the Fund seeks contributions.

41. Contributions the Arbitrator awarded the Fund cover benefits not within the description of the purpose of the Trust or the Fund's plan document.

42. The Arbitrator's Award must be vacated, or in the alternative, modified so as to include contributions for only those benefits that are within the purpose of the Trust, as the Award violates explicit, well-defined, and dominant public policy.

43. Additionally, the Award is in manifest disregard of the law.

## COUNT V
### Scope of Damage Award Violates Section 301 of LMRA By Failing to Draw Its Essence from the CBA

44. Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

45. The Fund's purported amendments to the Plan to provide the benefits for which contributions were claimed to be owed did not take effect until June 2019.

46. The Arbitrator's Award would require Wise to make contributions based on those purported Plan amendments from December 8, 2018.

47. Therefore, the Award does not draw its essence from the CBA.

48.     In case the Award is not vacated in its entirety, it must at least be modified so as to include only the contributions claimed for the benefits at issue beginning in June 2019.

## COUNT VI
### The Arbitrator Lacked Jurisdiction and Authority to Enter the Award

49.     Wise repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein at length.

50.     Parties cannot be compelled to arbitrate disputes which they did not agree to arbitrate. Instead, arbitration provides a way to resolve disputes—but only those disputes—that the parties have agreed to submit to arbitration.

51.     In order to force a party to arbitrate its dispute there must be a valid arbitration agreement and such agreement must encompass the asserted claims.

52.     The Fund unilaterally and without justification forced Wise to resolve disputes before the Arbitrator.

53.     There is no agreement requiring Wise to arbitrate its disputes with the Fund.

54.     Wise lodged an objection to being forced to arbitrate its disputes with the Fund at the Arbitration and before the United States District Court for the Eastern District of Pennsylvania.

55.     Wise has never agreed to, nor consented, to having the Arbitrator decide any dispute between it and the Fund.

56.     Without a valid and enforceable arbitration agreement, the Arbitrator lacked jurisdiction to hear Wise and the Fund's disputes.

57.     Without a valid and enforceable arbitration agreement, the Arbitrator lacked the authority to enter the Award.

WHEREFORE, Wise respectfully requests:

A. The Court enter an Order vacating the Arbitration Award, or in the alternative, an Order modifying the Award;

B. The Court enter an Order enjoining the enforcement of the Arbitration Award; and

C. The Court grant such other declaratory, equitable, or legal relief as this Court may deem just and proper.

Dated: July 21, 2021

Respectfully submitted,

/s/ *William J. Burton*
William J. Burton (Pa. No. 322269)
BARNES & THORNBURG LLP
1000 N. West Street
Suite 1500
Wilmington, DE 19801-1054
Telephone: (302) 300-3447
Facsimile: (302) 300-3456
william.burton@btlaw.com

*Attorneys for Plaintiff Wise Foods, Inc.*